Fremont-Smith, J.
On July 26, 1996, the defendant was found guilty by a jury of trafficking in cocaine and of conspiracy to traffick in cocaine. The case was submitted to the jury also on the lessor included offenses of possession with intent to distribute, and of possession, but the jury made no findings on the lesser included offenses in light of their finding of guilty on the trafficking indictment. A timely motion by defendant for J.N.O.V. was continued for hearing until Monday, July 29, 1996. After argument, the Court denied the motion for judgment notwithstanding the verdict, but allowed a motion to stay execution of sentence pending appeal and set bail in the amount of $10,000 cash.
The reasons that the Court denied the motion for J.N.O.V. are as follows:
Here, there was evidence that the police approached the apartment rented by Mrs. Gonzalez with a search warrant on June 2, 1995. When she drove up they showed her the search warrant and entered the apartment with her. In an armoire, they found plastic bags containing in excess of fourteen grams of cocaine in close proximity to personal papers and personal medication of defendant. Two hundred dollars in cash was also found in the armoire, and in the kitchen, a scale was found and a powder substance later identified as boric acid, which an investigating police officer testified is frequently used as a cutting agent for cocaine. In a man’s jacket in a hall closet was found an additional $850 in cash.
During the search, the alleged co-conspirator, Reyes, arrived and was found to be carrying a beeper, a pager and $180 in cash. When a cellular phone was found in defendant’s purse, it was also seized.
The defendant relies on Commonwealth v. Booker, 31 Mass.App.Ct. 435 (1991). In that case, the Appeals Court found that defendant’s presence in proximity to a controlled substance and association with the person who controlled the contraband and who shared the premises where the narcotics were found, was insufficient evidence upon which the jury could infer that defendant exercised control over it so as to con *542 stitute “possession.” The Court was at pains to point out, however, that there was little evidence on the question whether the apartment was rented by defendant, and no evidence that defendant carried any suspect paraphernalia, concluding that on those facts there was insufficient evidence to warrant an inference of control. Here, on the other hand, it was established that defendant had rented the premises for over a year in association with the alleged co-conspirator, paying over $600 a month during a period when she was, according to her own statement to the police, unemployed and unable to work. Here, too, in addition to the close proximity of her personal medicine and business papers to the location of the cocaine, a cellular phone was found in her possession. Thus, there was here, unlike in Booker, “other incriminating evidence which will serve to tip the scales in favor of sufficiency.”
The case is similarly distinguishable from Commonwealth v. Caterino, 31 Mass.App.Ct. 685 (1991), where there was no evidence that defendant “rented, occupied, spent a great deal of time at or exercised control of the apartment or its contents. Nor were his personal effects found in the apartment.” The Court concluded in that case that, while defendant’s presence in the apartment and possession of $750 in cash was highly suspicious, there was no “solid evidence which would permit the jury to determine beyond a reasonable doubt that the defendant possessed the cocaine seized at [the] apartment.” Here, of course, defendant had leased and been present in the apartment for a number of months before the discovery of narcotics in close proximity to her personal effects, and also carried a cellular phone in her purse which was admittedly unconnected to any legal employment (she being unemployed) .[1]
In Commonwealth v. Meehan, 33 Mass.App.Ct. 262 (1992), the Court reversed a conviction for trafficking in cocaine for lack of proof that defendant knew of the existence of the threshold quantity of cocaine seized from his alleged joint venturer. The Court assumed that the evidence was sufficient to establish that defendant was knowingly involved in illegal drug dealing, but concluded that the Commonwealth had not shown the required nexus between defendant’s activities and the requisite amount of cocaine for “trafficking,” which had been found upon the alleged co-venturer.
In granting the stay of execution here, this Court has in mind that the Appeals Court might similarly find sufficient evidence upon which the jury could reasonably have concluded defendant had conspired with Reyes to possess cocaine with intent to distribute it, but insufficient evidence for “trafficking,” which, of course, carries a mandatory three year minimum sentence. In this respect, see Commonwealth v. Pratt, 407 Mass. 647 (1990) (“where contraband is found in a dwelling shared by a defendant and one or more other persons, a finder of fact may properly infer that the defendant is in possession of the contraband from evidence that the contraband was found in proximity to personal effects of the defendant in areas of the dwelling, such as a bedroom or closet, to which other evidence indicates the defendant has a particular relationship,” citing Commonwealth v. Rarick, 23 Mass.App.Ct. 912 (1986), and other cases there cited). The Court in Pratt went on to find that there was sufficient evidence for the jury to find intent to distribute, based upon the quantity of drugs found and the method of packaging, and to find that a conspiracy existed. The Court noted that “a conspiracy may be proved by circumstantial evidence, and this is the usual mode of proving it, since it is not often that direct evidence can be had. The acts of different persons who are shown to have known each other, or to have been in communication with each other, directed toward the accomplishment of the same object, may be satisfactory proof of a conspiracy,” quoting Commonwealth v. Smith, 163 Mass. 411, 417-18 (1895).
Although this case is a close one due to the frequently fact-specific nature of the appellate decisions regarding sufficiency of evidence for “trafficking,” which consideration had led this Court to grant a stay, I conclude that the evidence received, viewed in the light most favorable to the Commonwealth, was sufficient so that the jury “might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.” Commonwealth v. Pope, 406 Mass. 581, 584 (1990).

Another family member was available to testify, who could have done so if the cellular phone had another purpose.